IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RAMON M. DEL CAMPO,

    Plaintiff,

v.                                          No. 2:20-cv-00636-JAP-SMV

DOÑA ANA COUNTY DETENTION CENTER, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff is proceeding *pro se* against Doña Ana County Detention Center and its Executive Director, Bryan Baker.  Plaintiff alleges:

> The kiosk system established by the Detention Center has documents of civil right violations.  All not addressed.  All documented in Corizon, a medical contractor, as well servallance cameras will display in my second incarceration several women in areas restricted.  Servallance footage pretaining to the related affliction caused by several ladies.  Footage will display DACDC's involvement by allowing several young ladies to locate in restricted areas.  Please view the cause number of *Ramon M. del Campo vs. City of Las Cruces Police Department*.

[sic] Complaint at 7, Doc. 1, filed June 29, 2020.

The Court notified Plaintiff that it will not comb the record of this or other cases and act as an advocate for Plaintiff, and explained that the Complaint failed to state a claim under 42 U.S.C. § 1983 because it does not allege a violation of a right secured by the Constitution or the laws of the United States or that Defendant was acting under color of state law.  The Court granted Plaintiff leave to file an amended complaint, and informed Plaintiff that his amended complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a)(2).  Doc. 12, filed July 22, 2020.  Finally, the

Court notified Plaintiff that failure to timely file an amended complaint may result in dismissal of this case. Plaintiff did not file an amended complaint by the August 21, 2020, deadline.

One of Plaintiff's motions states that the "Social Security Administration has deemed [Plaintiff] as mentally impaired." Motion Seeking Counsel at 1, Doc. 5, filed July 2, 2020. Rule 17(c)(2) of the Federal Rules of Civil Procedure states the "court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." However, "in the context of unrepresented litigants proceeding *in forma pauperis*, this inquiry [involving a determination of whether there is verifiable evidence of incompetence] would usually occur **after** the preliminary merits screening under … 28 U.S.C. 1915(e)(2). *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012) (**emphasis added**).

The Court will dismiss this case without prejudice for failure to state a valid claim under 28 U.S.C. 1915(e)(2) which states: "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted." The Court granted Plaintiff, who is proceeding *in forma pauperis*, an opportunity to file an amended complaint. *See* Doc. 8 at 4, filed July 6, 2020 (granting Plaintiff's motion to proceed *in forma pauperis*). *Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim . . . only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend"). Plaintiff did not file an amended complaint. Because it is dismissing this case under 28 U.S.C. 1915(e)(2) for failure to state a claim, the Court need not "inquir[e] as to whether there [is] a viable basis to invoke Rule 17." *Powell v. Symons*, 680 F.3d 301, 307 (3d Cir. 2012).

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

2

**IT IS ALSO ORDERED** that the following pending motions are **DENIED as moot**, because this case has been dismissed:

(i) Plaintiff's Motion Seeking Counsel, Doc. 5, filed July 2, 2020.

(ii) Plaintiff's Motion Seeking Subpoenas, Doc. 6, filed July 2, 2020.

(iii) Plaintiff's Motion Seeking Waiver of Filing Fee, Doc. 7, filed July 2, 2020.

(iv) Plaintiff's Motion Seeking in View Camera, Doc. 8, filed July 10, 2020.

(v) Plaintiff's Motion Seeking Mental Health Records, Doc. 9, filed July 10, 2020.

(vi) Plaintiff's Motion Seeking Subpoenas Testimonies from Sargent Lara, Sargent Ramirez, Lt. Ramirez, Doc. 10, filed July 13, 2020.

(vii) Plaintiff's Motion Seeking Subpoenas for the Months of June, July, Doc. 11, filed July 16, 2020.

(viii) Plaintiff's Motion Seeking Recusal, Doc. 13, filed July 28, 2020.

(ix) Plaintiff's Motion for Order, Doc. 14, filed July 28, 2020.

(x) Plaintiff's Motion to Amend the Motion Seeking Recusal, Doc. 15, filed July 30, 2020.

(xi) Plaintiff's Motion Seeking Affidavit of the United States District Clerk's Office, Doc. 16, filed August 3, 2020.

(xii) Plaintiff's Motion to Submit Allegations, Doc.17, filed August 7, 2020.

(xiii) Plaintiff's Motion Seeking Subpoenas, Doc.18, filed August 10, 2020.

(xiv) Plaintiff's Motion for Response, Doc. 19, filed August 11, 2020.

(xv) Plaintiff's Motion Seeking Action in Reference to the Infringements, Doc. 21, filed August 27, 2020.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**